**AFFIRM AS MODIFIED; Opinion Filed January 30, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00370-CR**

**GERALD ALZONO JACKSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-76031-N**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Kennedy
Opinion by Justice Kennedy

Gerald Jackson appeals his conviction for sexual assault of a child. In four issues, appellant challenges the trial judge's decision to admit evidence of appellant's prior conviction over his objection and further urges the judge's reasoning for that decision should be required to be articulated in order to permit meaningful appellate review of same. The State argues in a cross-issue that the judgment should be modified to reflect the correct degree of the offense. We affirm as modified. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant dated the mother of M.B. from the time M.B. was approximately nine or ten years old until M.B. was approximately fifteen or sixteen years old. Sometime after he and M.B.'s mother began dating, appellant moved in with M.B., his mother, and his younger brother. M.B.'s mother worked at night and slept during the day, and appellant would be around the home during the day. When M.B. was ten or eleven years old, appellant began brushing up against him and touching his hip. Appellant soon thereafter escalated the behavior by telling M.B. to take off his clothes and touching M.B. on his chest and butt. Appellant then further escalated the behavior to pleasuring himself in front of M.B., paying M.B. to take off his clothes and rub baby oil on himself, requiring M.B. to orally pleasure him, rubbing baby oil on himself and M.B., and penetrating M.B. when he was twelve or thirteen years old and again when M.B. was fourteen or fifteen years old. Appellant told M.B. not to tell anyone about the abuse.

When he was thirteen or fourteen years old, M.B. began staying the night at his mother's sister's home, at first on the weekends and later "every chance I get." When he was thirteen or fourteen years old, M.B. told his aunt about what appellant had done. M.B.'s aunt was the first adult he spoke to about appellant's abuse because he knew she had experienced trauma in her past and could therefore relate to him and understand him. M.B.'s aunt called M.B.'s mother who then reported appellant's abuse of M.B. to the police and took M.B. for a forensic interview.

In 2018, a grand jury indicted appellant for the offense of sexual assault of a child, enhanced with a prior conviction for aggravated sexual assault of a child. The State filed a notice of intent to enhance the punishment range, seeking an automatic life sentence pursuant to section 12.42(c)(2) of the penal code. *See* TEX. PENAL CODE § 12.42(c)(2). Appellant pleaded not guilty to the charged offense and not true to the enhancement paragraph, and the case proceeded to trial before a jury which found appellant guilty of the charged offense and the enhancement paragraph to be true. The trial judge pronounced appellant's sentence of confinement for life.

## DISCUSSION

### I. Trial Judge Did Not Err by Admitting Prior Conviction Evidence

In his first issue, appellant argues the trial court erred by admitting evidence of his prior conviction for aggravated sexual assault of child over his objection that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

We review a trial judge's decision to admit or exclude evidence under an abuse of discretion standard. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial judge abuses her discretion when her decision falls outside the zone of reasonable disagreement. *Id.* Before a reviewing court may reverse the trial court's decision, "it must find the trial court's ruling was so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Id.*

–3–

Finding a piece of evidence to be relevant is the first step in a trial court judge's determination of whether the evidence should be admitted before the jury. *See Henley*, 493 S.W.3d at 83. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See id.* (citing TEX. R. EVID. 401). But, even if evidence is relevant, it may be properly excluded under Rule 403, which permits a trial judge to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." *See* TEX. R. EVID. 403. To be clear, Rule 403 does not exclude all prejudicial evidence and instead focuses only on the danger of "unfair" prejudice. *See State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005).

In determining whether it was error to admit the evidence under Rule 403, we balance the claimed probative force of the proffered evidence along with the proponent's asserted need for that evidence against (1) any tendency of the evidence to suggest that the case would be decided on an improper basis; (2) any tendency of the evidence to confuse or distract the jury from the main issues; (3) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence; and (4) the likelihood that presentation

of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.  *See Henley*, 493 S.W.3d at 93.

At trial, the State offered evidence that a judgment of conviction had been entered against appellant on July 24, 1994, for the offense of aggravated sexual assault of a child.  Defense counsel objected:

> [DEFENSE COUNSEL]: Judge, I object under [Rule] 403 . . . .[1] At this point, this is not a properly certified document since three pages have been removed from the document as it was previously certified.

> THE COURT: Let the record reflect that the Court removed those documents and your objections are overruled. It is admitted.

Appellant urges that the evidence of appellant's prior conviction was not probative because the offense was against a victim of a different age and gender than M.B., was committed years before the current offense, and involved the penetration of a different part of the victim's body.  He further urges that the evidence was less likely to establish appellant's guilt of committing the offense than it was to be seen by the jurors as proof appellant was a criminal or bad person in general, an improper basis for consideration.  *See Old Chief v. United States*, 519 U.S. 172, 180–81 (1997) (holding improper grounds "certainly include . . . generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged"); *see also* TEX. R. EVID. 404(b).

---

[1] Defense counsel also objected Rule 608 of the rules of evidence and that the evidence was hearsay, but appellant does not reurge those bases on appeal.

We address the factors involved in the Rule 403 balancing test in turn. First, we consider the claimed probative force of the proffered evidence along with the proponent's asserted need for that evidence. The State had no DNA evidence and offered testimony from a pediatrician specializing in child abuse cases that, based on her examination of his medical records, M.B. was examined "too late" after the reported abuse to collect DNA evidence. Consequently, the State's case against appellant largely relied on testimony from M.B. Additionally, appellant testified and denied the allegations thereby challenging M.B.'s credibility. The court of criminal appeals has warned that excluding evidence under rule 403 in "he said, she said cases" should be done "sparingly." *See Woodland v. State*, No. 05-19-00174-CR, 2020 WL 1862126, at *3 (Tex. App.—Dallas Apr. 14, 2020, no pet.) (mem. op., not designated for publication) (citing *Hammer v. State*, 296 S.W.3d 555, 561–62 (Tex. Crim. App. 2009) (discussing rule 403 generally before specifically reviewing admission of prior false accusation evidence)). Appellant's prior conviction made it less probable that M.B. was lying because—despite the disparities appellant urges—the offenses had factual similarities. Both involved the sexual assault of a child with whom appellant was living and thus the prior conviction was probative to show appellant's propensity to sexually assault children living with him. Therefore, we conclude the trial court could have found the probative force and the State's need for the evidence was great and weighed in favor of its admission.

Weighing the foregoing against the remaining factors of the requisite balancing test, we conclude the trial court did not err. As the State concedes, sexually related misconduct and misconduct involving children are inherently inflammatory, which would mean this evidence had at least some tendency to suggest that the case would be decided on an improper basis. *See Montgomery v. State*, 810 S.W.2d 372, 397 (Tex. Crim. App. 1990) (en banc). Further, the prior conviction involved a child under the age of five years, and M.B. testified appellant began abusing him when he was approximately ten or eleven years old, which arguably makes the offense in the prior conviction one of a more serious nature than the charged offense. However, the other remaining factors weigh against exclusion of this evidence. The trial court instructed the jury regarding the proper use of the prior conviction as an extraneous offense, and we presume the jury followed those instructions. *See Beltran De La Torre v. State*, 583 S.W.3d 613, 620 (Tex. Crim. App. 2019). Moreover, nothing in the record suggests the evidence of appellant's prior conviction was likely to confuse or distract the jury from the main issues in the case, that it was likely to be given undue weight, or that the jury was ill-equipped to evaluate its probative force. Finally, the evidence itself was a certified judgment and testimony regarding the expert witness's experience and the process by which he established appellant's fingerprints matched those of the prior conviction, the introduction of which did not take an inordinate amount of time.

We conclude the trial judge did not err by admitting the evidence of appellant's prior conviction. Accordingly, we overrule appellant's first issue.

## II.     Remaining Issues

Appellant's remaining three issues all relate to his first. In his second issue, appellant urges the trial court erred by failing to conduct a balancing test weighing the potential probative value of the proffered evidence against the potential unfair prejudice that may result from admission of the evidence before the jury. In his third issue, appellant challenges binding precedent, which presumes a trial court conducted the requisite balancing test without requiring the record evidence as much, as essentially eliminating effective appellate review. In his fourth and final issue, he argues that without any explicit application of the balancing test in the record, there can be no meaningful appellate review, and thus the case must be abated and remanded to the trial court for findings regarding the requisite balancing test.

The court of criminal appeals has explicitly held that "a judge is presumed to engage in the required balancing test once Rule 403 is invoked" and further explicitly "refuse[d] to hold that silence of the record implies otherwise." *See Williams v. State*, 958 S.W.2d 186, 195–96 (Tex. Crim. App. 1997) (en banc). As we are bound by the holdings of the higher court, we overrule appellant's second and third issues.

In his fourth issue, appellant argues that the trial judge's alleged error in not conducting a Rule 403 balancing test on the record is a remediable error requiring

abatement pursuant to appellate rule 44.4.[2]  *See* TEX. R. App. P. 44.4.  However, because we have overruled his second and third issue, we need not address appellant's fourth issue.  *See* TEX. R. App. P. 44.1.

### MODIFICATION OF THE JUDGMENT

In a single cross-issue, the State requests the judgment be modified to reflect that appellant was convicted of a second-degree felony instead of a first-degree felony.  The record reflects appellant was charged with and convicted of sexual assault of a child, a second-degree felony and that the judgment identifies the offense as a first-degree felony.  *See* TEX. PENAL CODE § 22.011.

We may modify a trial court's written judgment if the necessary information to do so is contained in the record.  TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).  We have concluded that there is a sufficient basis in the record to support the modifications of the judgment requested by the State.  Accordingly, we modify the judgment where it reads "Degree of Offense" to say "2nd degree felony" instead of "1st degree felony."

---

[2]  (a) *Generally.* A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:

(1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and

(2) the trial court can correct its action or failure to act.

(b) *Court of Appeals Direction if Error Remediable.* If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX. R. App. P. 44.4.

**CONCLUSION**

As modified, we affirm the trial court's judgment.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
220370F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GERALD ALZONO JACKSON,
Appellant

No. 05-22-00370-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1676031-N.
Opinion delivered by Justice
Kennedy. Justices Partida-Kipness
and Nowell participating.

Based on the Court's opinion of this date, we the **MODIFY** judgment of the trial court as follows:

where it reads "Degree of Offense" to say "2nd degree felony" instead of "1st degree felony."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 30th day of January, 2023.

–11–